## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| LE'ASIA ANN CRUM, *as dependent daughter and next of kin of Robert Crum, Jr., deceased, et al.,*<br>　　　　Plaintiffs,<br><br>v.<br><br>HANKOOK MANUFACTURING COMPANY, LTD., *a foreign corporation formerly known as* Hankook Tire Company, LTD., *et al.,*<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　CIVIL ACTION NO. 2:20-00452-KD-N |

## <u>REPORT AND RECOMMENDATION</u>

This civil action is before the Court on the motion to remand under 28 U.S.C. § 1447(c) (Doc. 7) filed by the Plaintiffs. The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (10/9/2020 electronic reference). In accordance with the Court's briefing schedule (Doc. 8), the removing defendants – Hankook Tire Worldwide Company, LTD. f/k/a Hankook Tire Company, LTD. (which claims that it no longer exists and should be identified as Hankook Technology Group Co., Ltd. f/k/a Hankook Tire Worldwide Co., Ltd. (*see* Doc. 1 n.1, PageID.1)), Hankook Tire America Corp., and Hankook Manufacturing Company, Ltd. (which also claims that it no longer exists, and should be identified as Hankook Tire & Technology Co., Ltd. f/k/a Hankook Tire Manufacturing Company (*see id.*)) (hereinafter collectively referred to in the singular as "Hankook") – have filed timely filed a response (Doc. 9)

in opposition to the motion, and the Plaintiffs have timely filed a reply (Doc. 10) to the response. The motion to remand is now under submission and ripe for disposition. Upon due consideration, and for the reasons explained herein, the undersigned will **RECOMMEND** that the motion to remand be **GRANTED**, but not before the Plaintiffs are allowed the opportunity to apply for just costs and actual expenses incurred as a result of the present removal.[1]

## I.   *Procedural Background*

This is the second time this case has been removed to this Court. It commenced when the Plaintiffs filed a civil complaint against Hankook and other defendants in the Circuit Court of Dallas County, Alabama, on September 13, 2019, asserting various state law causes of action arising out of a fatal truck accident allegedly caused by a faulty tire that de-treaded while in use. (*See* Doc. 1-1, PageID.22-38). On February 14, 2020, Hankook removed the case to this Court under 28 U.S.C. § 1441(a), claiming subject-matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a).[2] (*See* 2:20-cv-00090-KD-C PageID.1-13). That

---

[1] Hankook requests that the Court hold oral argument on the motion. However, the undersigned finds oral argument unnecessary in order to adequately address the issues discussed herein. *See* Fed. R. Civ. P. 78(b); S.D. Ala. CivLR 7(h).

[2] Contrary to Hankook's claim that "the U.S. Constitution provides federal courts with diversity jurisdiction" (Doc. 1, PageID.6), that jurisdictional grant, like all others for lower federal courts, is provided by a Congressionally-enacted statute. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) ("[T]he inferior federal courts … are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant *authorized by Congress*." (emphasis added) (quotation omitted)). *Cf. Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005) ("The removal process was created *by Congress*…" (emphasis added)); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("a defendant does have a right, *given by statute*, to remove in certain situations" (emphasis added)).

removal resulted in the opening of S.D. Ala. Case No. 2:20-cv-00090-KD-C, *Crum et al. v. Hankook Tire Worldwide Company, Ltd., et al.* ("*Crum I*").

Hankook admitted in *Crum I* that the other defendants – Cosby-Carmichael, Inc. ("Cosby"), the decedent's employer, for whom he was driving the truck at the time of the subject accident; and Jones Tire, LLC and Jones Interstate Tire Co., Inc. (collectively, "the Jones Defendants"), who allegedly sold and serviced the defective tire – were, like the Plaintiffs, citizens of Alabama.[3] However, Hankook asserted that those defendants' citizenships should have been disregarded because they had been fraudulently joined, except as to the workers' compensation claim against Cosby, which Hankook asserted should have been severed and remanded to state court. (*See* 2:20-cv-00090-KD-C PageID.6-8). The Plaintiffs filed a motion to remand that, among other grounds, disputed Hankook's claims of fraudulent joinder. (*See* 2:20-cv-00090-KD-C PageID.466-486). Following briefing and oral argument on the motion, on June 11, 2020, the *Crum I* Magistrate Judge issued a recommendation that the motion to remand be granted, on the ground that Hankook had failed to meet its burden of proving fraudulent joinder of the Jones Defendants.[4] *See* (2:20-cv-00090-KD-C PageID.812-819); *Crum I*, No. CV 20-00090-KD-C, 2020 WL 3520339 (S.D. Ala. June 11, 2020). No objection to the Magistrate Judge's recommendation was timely filed, and on June 29, 2020, the Court adopted that recommendation and remanded *Crum I* to state court under 28 U.S.C. § 1447(c). *See*

---

[3] "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

[4] The *Crum I* Magistrate Judge expressly declined to consider the other grounds for remand raised by the Plaintiffs in light of that determination. *See* 2020 WL 3520339, at *4 n.3.

(2:20-cv-00090-KD-C PageID.820); *Crum I*, No. CV 2:20-00090-KD-C, 2020 WL 3520301 (S.D. Ala. June 29, 2020).

On September 11, 2020, Hankook removed this case a second time under § 1441(a), again based on diversity of citizenship under § 1332(a), resulting in the present civil action. (*See* Doc. 1). All claims against Cosby and the Jones Defendants remain the same as in *Crum I*; Hankook continues to assert that the workers' compensation claim against Cosby should be severed and remanded, and that all other claims against Cosby and the Jones Defendants should be found fraudulent. (*See id.*, PageID.8-9). The Plaintiffs filed the present motion to remand within 30 days of the second removal. *See* (Doc. 7); 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## II.    *General Legal Standards*

"Because this case was originally filed in state court and removed to federal court by [Hankook], [Hankook] bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941). Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). *Accord, e.g.*, *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("Defendant's right to remove

and [a] plaintiff's right to choose his forum are not on equal footing; … removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").

### III.   *Analysis*

**a.  Hankook's second removal is not supported by an "other paper," or by a different factual basis from the *Crum I* removal.**

Generally, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).[5] However, subject to other provisions not relevant here, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).[6] Due to how those provisions were organized in a predecessor version of § 1446(b), removals under §

---

[5] In cases with multiple defendants, each "shall have 30 days after receipt by or service on that defendant of the initial pleading or summons … to file the notice of removal." *Id.* § 1446(b)(2)(B).

[6] Because the second removal occurred on September 11, 2020, two days before the 1-year anniversary of the commencement of the case, the 1-year bar on diversity removals is inapplicable here. *See* 28 U.S.C. § 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.").

1446(b)(1) are sometimes referred to in case law as "first paragraph" removals, while removals under § 1446(b)(3) are sometimes referred to as "second paragraph" removals.[7]

"Subsequent or successive removals are *not* per se barred." *LaGrotte v. Simmons Airlines, Inc.*, 250 F.3d 739 (5th Cir. 2001) (per curiam) (unpublished) (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 493 (5th Cir. 1996), and 28 U.S.C. § 1446(b)). The Plaintiffs do not dispute the notion that, as a general matter, § 1446(b) permits multiple removals of the same case. However, the Plaintiffs do argue that (1) Hankook has not presented "a different factual ground for removal" from that asserted in *Crum I*, and (2) Hankook has not pointed to a valid "other paper" supporting its "second paragraph" removal here. On both points, the undersigned agrees.

The Fifth Circuit Court of Appeals, whose reasoning on the issue of successive removals the undersigned finds persuasive, has explained:

> As a general rule, once a case is remanded to state court, a defendant is precluded only from seeking a second removal *on the same ground*. The prohibition against removal "on the same ground" does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable. *See O'Bryan v. Chandler,* 496 F.2d 403, 410 (10th Cir.), *cert. denied,* 419 U.S. 986, 95 S. Ct. 245, 42 L. Ed. 2d 194 (1974); *see also One Sylvan Road North Assocs. v. Lark Int'l, Ltd.,* 889 F. Supp. 60, 62, 63 (D. Conn. 1995) ("the fact that a case was initially removed and remanded does not itself preclude removal a second time around. A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition *when subsequent pleadings or events*

---

[7] Removal in *Crum I* was also a "second paragraph" removal. *See Crum I*, 2020 WL 3520339, at *2 ("Pursuant to 28 U.S.C. § 1446(b)(3), Hankook removed this action to federal court on February 14, 2020 asserting that the non-diverse Jones Defendants were fraudulently joined.").

*reveal a new and different ground for removal....* By adding the second paragraph of § 1446(b), Congress intended that a party be permitted successive removals" [emphasis added] [citations and quotations omitted] ).

In *O'Bryan*, the defendant sought removal under 28 U.S.C. § 1442(a)(3) in both removal petitions, and the district court specifically held in the remand order that the action was not removable pursuant to 28 U.S.C. § 1442(a)(3). When explaining that the Supreme Court's use of the phrase "same grounds" did not refer to the claim for relief alleged in the plaintiff's petition, the Tenth Circuit noted that "different grounds more precisely mean a different set of facts that state a new ground for removal." Because the court allowed the second removal petition, which was based on the same statute providing federal jurisdiction (e.g., § 1442(a)(3)), the *O'Bryan* court impliedly indicated that section 1446(b) contemplates a valid second petition for removal that alleges new facts in support of the same theory of removal.

Similarly, in *One Sylvan Rd.*, the defendant sought removal on diversity jurisdiction in both petitions for removal. 889 F. Supp. at 62. The district court's first order of remand concluded that "only possession of the premises was at issue and that, therefore, the amount in controversy did not exceed $50,000." The second petition for removal alleged that a ruling by the judge as well as testimony and evidence revealed that the plaintiff actually was seeking damages in excess of $50,000. The court acknowledged the ability to re-remove a case when pleadings or events establish a new ground for removal, but ultimately held that neither the judge's ruling nor the new evidence and testimony presented a different set of facts establishing a new ground for removal. *Id.* at 64, 65 … *O'Bryan* and *One Sylvan Rd.* demonstrates [sic] that a remand order that expressly addresses the theory of federal jurisdiction does not have res judicata effect on subsequent removals based on the same theory, provided that the subsequent removal petitions allege a different factual basis for seeking removal. If the defendant raises a new factual basis, the new factual basis is not deemed adjudicated with the remand order and, therefore, is not barred by res judicata.

*S.W.S. Erectors*, 72 F.3d at 492-93 (footnote omitted). *See also Watson v. Carnival Corp.*, 436 F. App'x 954, 955 (11th Cir. 2011) (per curiam) (unpublished)[8] ("Once a case is remanded to state court, a defendant is precluded from seeking a second removal on the same ground." (citing *St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212, 217, 2 S. Ct. 498, 500, 27 L. Ed. 703 (1883)); *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 n.2 (11th Cir. 2014) (citing with approval *O'Bryan*, 496 F.2d at 409–10, for the proposition that "developments subsequent to and not concluded by prior remand order provide grounds for a second removal petition"); *Brown v. Jevic*, 575 F.3d 322, 328 (3d Cir. 2009) ("The removal statute, 28 U.S.C. §§ 1441–1452, does not categorically prohibit the filing of a second removal petition following remand. If subsequent pleadings or conduct by the parties or various other circumstances brings a case that was not previously removable within the removal jurisdiction of the federal courts, a second notice of removal is permissible." (citation and quotations omitted)); *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782–83 (7th Cir. 1999) ("Nothing in § 1446 forecloses multiple petitions for removal … The second paragraph of § 1446(b) … tells us that even when a case is not removable at the outset, a notice of removal may be filed within 30 days after it becomes removable. This implies that an unsuccessful earlier attempt to remove is not dispositive. A premature removal may lead to a perfectly justified remand; but when matters change—for example, by dismissal of a party whose presence spoiled complete

---

[8] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

diversity of citizenship, or by a disclosure that the stakes exceed the jurisdictional amount—the case may be removed, provided only that it is less than one year old.").

In *S.W.S. Erectors*, the defendant's "first removal petition sought removal under diversity jurisdiction using [the defendant's] own affidavit, which summarized a conversation with the plaintiff's attorney that the amount in controversy exceeded $100,000." 72 F.3d at 493. The district court's "remand order improperly remanded the case because it was filed in the wrong district, but did not mention the propriety of diversity jurisdiction." *Id.* (footnote omitted).[9] The defendant's "second removal petition sought removal under diversity jurisdiction using[,]" *inter alia*, "newly acquired facts from [the plaintiff's president's] deposition transcript[,]" in which the president testified that the plaintiff's "actual damages fell between $70,000 and $80,000." *S.W.S. Erectors*, 72 F.3d at 491-92, 494. The Fifth Circuit held that "[t]he deposition constitute[d] a new paper or event that changed the facts regarding the removableness of the case." *Id.* at 494. Thus, the "second petition for removal alleged a different factual ground for removal and was proper under section 1446(b)." *Id. See also Benson*, 188 F.3d at 783 ("Defendants in our case filed their (second) notice of removal within 30 days after plaintiffs revealed that they seek more than $75,000 in damages, and less than a year after the state action commenced. Section 1446(b) shows that this step was proper.").

---

[9] The *S.W.S. Erectors* panel noted that "[t]he absence of a discussion regarding the correctness of removal based on diversity jurisdiction [wa]s irrelevant to [its] analysis" because "[t]he theory under which [the defendant] attempted removal would not directly impact its right to seek successive removals after remand; the right was affected by the factual basis on which [the defendant] attempted removal." 72 F.3d at 493-94.

In *Watson*, the defendant, Carnival, twice removed a case brought against it by its employee Watson, with both removals "based on the inclusion of an arbitration provision in [a] Seafarer's Agreement [the parties' employment agreement]." 436 F. App'x at 956. "As proof of that arbitration provision, Carnival offered, in its first notice of removal, the original Seafarer's Agreement—written in Spanish—but failed to comply with the district court's order to submit a certified English translation. In its second notice of removal, Carnival finally offered a certified English translation of the Seafarer's Agreement as proof." *Id.* However, the Eleventh Circuit, relying significantly on *S.W.S. Erectors*, held that, "where Carnival's proof changed, its basis for removal—the arbitration provision—did not." *Id.* Because "[t]here was no subsequent pleading or event that revealed a new and different ground for removal[,]" the Eleventh Circuit held that "the district court did not abuse its discretion in determining that Carnival had no objectively reasonable basis for seeking removal" the second time and awarding the plaintiff attorneys' fees resulting from the second removal. *Id.*

In removing this case in *Crum I* under § 1446(b)(3), Hankook "relied upon the Jones Defendants' Responses to Plaintiffs' Request for Admissions wherein the Jones Defendants denied selling the subject Hankook tire to Cosby and denied servicing, maintaining, repairing or installing the subject Hankook tire[,]" arguing that these discovery responses proved that the Jones Defendants had been fraudulently joined. 2020 WL 3520339, at *2. In their *Crum I* motion to remand, "[t]he Plaintiffs pointed out that, in the responses to discovery, the Jones Defendants admitted that they

were in the 'business of selling tires and [would] also install as needed by customers' and that 'if customers specifically request[ed] a Hankook tire, Defendant [would] obtain said tire from third party sources if available.' Plaintiffs also produced an invoice showing that Cosby had purchased numerous tires from the Jones Defendants. The invoice also indicated that the Jones Defendants provided 'repair and maintenance' on the tires they sold to Cosby-a claim that the Jones Defendants denied in discovery responses." *Id.* (record citations omitted). Noting that the Jones Defendants' responses to the requests for admission were "the only evidence submitted to prove fraudulent joinder[,]" the Court in *Crum I* found that the Jones Defendants' mere denial of any relevant involvement did "not establish by clear and convincing evidence that there is 'no possibility' that Plaintiffs can establish a cause of action against" them, particularly when considered against the invoice produced by the Plaintiffs, and the Jones Defendants' admission that they sold Hankook tires on request. *Id.* at *3.

Following remand in *Crum I*, Hankook served interrogatories on the Jones Defendants under the Alabama Rules of Civil Procedure. (*See* Docs. 1-7, 1-8). One of the Jones Defendants served its sworn responses to the interrogatories on August 19, 2020, the other on September 8, 2020. (*See id.*). Hankook asserts that in these interrogatory responses, the Jones Defendants "each attested under oath that they did not sell, install, inspect, service, maintain or repair the subject tire and that there is no possibility that they did so." (Doc. 1, PageID.3). Thus, claims Hankook, "[t]hese sworn interrogatory answers establish that there is no possibility that the Plaintiffs

have a cognizable claim against either of the Jones Defendants[,]" and that the Jones Defendants have therefore been fraudulently joined. (*Id.*, PageID.5).

The problem with Hankook's argument is that this is the same factual basis for removal raised and rejected in *Crum I* – named, that the Jones Defendants' denial of any involvement with the tire that caused the subject accident proves their joinder as defendants in this case was fraudulent. Unlike the deposition transcript in *S.W.S. Erectors*, which provided "newly acquired facts" in support of amount in controversy justifying a second removal, 72 F.3d at 494, the Jones Defendants' interrogatory responses here, as the Plaintiffs correctly observe, do not provide any new material facts, instead substantially repeating what they already said in the requests-for-admission responses considered in *Crum I*.[10] As in *Watson*, "where [Hankook]'s proof changed, its basis for removal … did not." 436 F. App'x at 956. Accordingly, the *res judicata* effect of *Crum I*'s remand order bars reconsideration of that basis.

Moreover, while the Eleventh Circuit Court of Appeals has recognized that interrogatory responses can, in general, qualify as an "other paper," *see Lowery v. Alabama Power Co.*, 483 F.3d 1184 1212 n.62 (11th Cir. 2007), the undersigned agrees with the Plaintiffs that the Jones Defendants' interrogatory responses are not an "other paper" because they were not provided to Hankook by the Plaintiffs.

---

[10] Hankook claims that the interrogatory responses do provide new information because, unlike in their requests-for-admission responses, each of the Jones Defendants also attests that it has "searched its records and confirmed that [it] did not install, inspect, service, maintain or repair the subject tire[,]" and that "there is no possibility" that it did so. (*See* Doc. 9, PageID.8-11). The undersigned is not convinced that these assertions add any material factual detail.

Hankook argues that § 1446(b) "does not require the 'other paper' to be authored by or received from the Plaintiff[,]" (Doc. 9, PageID.1150), and that a document created by and received by a removing defendant from a co-defendant can also constitute an "other paper." Hankook's position, however, is contrary to binding circuit authority. In *Lowery*, the Eleventh Circuit held that a "second paragraph" removal is allowed "when three conditions are present: there must be (1) 'an amended pleading, motion, order or other paper,' which (2) *the defendant must have received from the plaintiff* (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." 483 F.3d at 1213 n.63 (emphasis added). Contrary to Hankook's arguments, *Lowery* could not be more explicit that an "other paper" cannot come from a source other than the plaintiff. *See also id.* at 1221 ("[E]vidence regarding the value of other tort claims was not received from the plaintiffs, but rather was gathered from outside sources. As such, the evidence is not of the sort contemplated by § 1446(b)."). Indeed, in *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010), the Eleventh Circuit reaffirmed that *Lowery* established a "receipt from the plaintiff" rule for purposes of "second paragraph" removals, *see* 608 F.3d at 756, 760-61, noting that it was consistent with "[t]he traditional rule … that *only* a voluntary act *by the plaintiff* may convert a non-removable case into a removable one." *Id.* at 761 (emphasis added). "Thus," the Eleventh Circuit reiterated, "a defendant cannot show that a previously non-removable case 'has become removable' as a result of a document created by the

defendant." *Id.* (citing the "second paragraph" of § 1446(b)).[11] Thus, the Plaintiffs are correct that the Jones Defendants' interrogatory responses, which were not provided to Hankook by the Plaintiffs, are not an "other paper" permitting a "second paragraph" removal,[12] and the interrogatory responses therefore did not open a new 30-day removal window under § 1446(b)(3).

Hankook attempts to cabin *Lowery*'s "receipt from the plaintiff" rule, arguing that, because *Lowery* concerned "other papers" relevant to whether diversity jurisdiction's requisite minimum amount in controversy was satisfied, the rule only applies to evidence regarding that issue. Hankook asserts that it has "not found a single case from the Eleventh Circuit Court of Appeals holding that 'other paper' under § 1446(b) must be received from the plaintiff … when removal is based upon fraudulent joinder." (Doc. 9, PageID.1165). However, Hankook has also cited no

---

[11] *See also S.W.S. Erectors*, 72 F.3d at 494 ("We find that an affidavit created by the defendant and based on the defendant's subjective knowledge cannot convert a non-removable action into a removable one. We hold that the affidavit, created entirely by the defendant, is not 'other paper' under section 1446(b) and cannot start the accrual of the 30–day period for removing.") (cited favorably in *Pretka*, 608 F.3d at 761); *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (the " 'other paper' must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction") (cited favorably in *Pretka*, 608 F.3d at 761).

[12] Hankook cites exclusively to district court opinions from outside the Eleventh Circuit in asserting that "multiple courts have held that documents received from a co-defendant may constitute 'other paper' to support removal under § 1446(b)." (Doc. 9, PageID.1166-1167). However, district court opinions are not binding on anyone, *see, e.g.*, *Camreta v. Greene*, 563 U.S. 692, 709 n.7, 131 S. Ct. 2020 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (quotation omitted)), and to the extent they do support Hankook's assertion, they are contrary to *Lowery* and *Pretka*'s binding authority.

authority that has limited *Lowery* in this manner, and the undersigned finds no support for Hankook's cramped interpretation in either *Lowery* or *Pretka*, particularly given *Pretka*'s emphasis that *Lowery*'s rule is consistent with the longstanding general rule "that only a voluntary act *by the plaintiff* may convert a non-removable case into a removable one." *Pretka*, 608 F.3d at 761 (emphasis added) (citing *Insinga v. LaBella*, 845 F.2d 249, 252 (11th Cir. 1988) (per curiam); *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967)[13]).

In sum, then, Hankook has presented neither a valid "other paper" nor a different factual basis to support its second removal of this case. On these grounds, the Plaintiff's motion to remand is due to be **GRANTED**.

## b.   Fraudulent joinder of the Jones Defendants has again not been proven by clear and convincing evidence.

Notwithstanding the aforementioned defects in removal, the undersigned also agrees with the Plaintiffs that Hankook has again failed to meet its burden of proving that the Jones Defendants have been fraudulently joined in this case.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Relevant here, "[j]oinder has been deemed

---

[13] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

fraudulent … when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id.* In analyzing this type of fraudulent joinder, if "there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Id.* (citation and quotation omitted). *Accord, e.g.*, *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) ("When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." (citation and quotation omitted)). "The burden of the removing party [to prove fraudulent joinder] is a heavy one." *Crowe*, 113 F.3d at 1538 (quotation omitted). "The defendant must make such a showing by clear and convincing evidence." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)

> The Eleventh Circuit has held that

> "[t]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, *supplemented by any affidavits and deposition transcripts submitted by the parties.*" *Pacheco de Perez v. AT&T Co.,* 139 F.3d 1368, 1380 (11th Cir. 1998) (emphasis added). The proceeding appropriate "for resolving a claim of fraudulent joinder is similar to that

used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b)." *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997) (quoting *B, Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 n. 9 (5th Cir. Unit A 1981)). In such a proceeding, the district court must "resolve all questions of fact ... in favor of the plaintiff." *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir. 1989).

*Legg v. Wyeth*, 428 F.3d 1317, 1322–23 (11th Cir. 2005).

Nevertheless, "there must be some question of fact before the district court can resolve that fact in the plaintiff's favor." *Id.* at 1323. Accordingly, a non-diverse defendant's sworn statement denying involvement in events underlying the claims against it can be sufficient to make a *prima facie* showing of fraudulent joinder. *See id.* ("In this case, … the Plaintiffs did not dispute Stubblefield's sworn statement that he never promoted or sold the drug Redux. With no response from the Plaintiffs, there was no question of fact for the court to resolve. The same goes for Weaver, who asserted that she did not know Redux may cause valvular heart disease. The Plaintiffs offered no evidence to dispute this sworn statement. When the Defendants' affidavits are undisputed by the Plaintiffs, the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint."). Here, however, the Plaintiffs have presented evidence to rebut the Jones Defendants' denials.

Collectively, the Jones Defendants' sworn interrogatory responses – the only new evidence not presented in *Crum I* that Hankook presents to support its claim of fraudulent joinder – assert that neither sold the subject tire to Cosby, or ever installed, inspected, serviced, maintained, or repaired the subject tire. (*See* Doc. 1-7, PageID.78; Doc. 1-8, PageID.85). The interrogatory responses further assert that

each of the Jones Defendants "has searched its records and confirmed" the aforementioned assertions, and that there is no possibility that either sold, installed, inspected, serviced, maintained, or repaired the subject tire. (Doc. 1-7, PageID.79; Doc. 1-8, PageID.86). The Jones Defendants' request for admission responses, considered in *Crum I*, are substantively duplicative of the interrogatory response.

In response, the Plaintiffs have again produced the same invoice from *Crum I* (Doc. 7-14, PageID.1138-1139), along with additional invoices produced in discovery following the first remand (Doc. 7-17). Collectively, these invoices indicate that Cosby had an approximately 10-year history of purchasing products and services from at least one of the Jones Defendants. "[V]iewing [the parties' competing] evidence, and drawing all reasonable factual inferences, in favor of the" Plaintiffs, *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1321 (11th Cir. 2014), the undersigned finds there is at least a possibility that a reasonable trier of fact could give more weight to the invoices produced by the Plaintiffs than to the Jones Defendants' general denials, and conclude it is more likely than not that at least one of the Jones Defendants sold the subject tire to Cosby, and/or serviced it in some manner prior to the subject accident. Accordingly, because the Jones Defendants have not been fraudulently joined, complete diversity among the parties is lacking, and this Court lacks subject-matter jurisdiction under § 1332(a). On this basis as well, the Plaintiffs' motion to remand is due to be **GRANTED**.[14]

---

[14]     Count One of the complaint asserts a workers' compensation claim against non-diverse defendant Cosby. (*See* Doc. 1-1, PageID.28-29). Congress has provided that "[a] civil action in any State court arising under the workmen's compensation

laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). However, Congress has also provided that "[i]f a civil action includes--(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)." 28 U.S.C. § 1441(c)(1). "Upon removal of an action [under § 1441(c)(1)], the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed." 28 U.S.C. § 1441(c)(2).

By its terms, then, the remove-sever-remand procedure of § 1441(c) only applies when a case involves a federal claim, which the Plaintiffs have not asserted here. As the parties' briefs make clear, there is disagreement among the judges of Alabama's district courts over whether a similar procedure is permitted in cases involving non-removable claims where jurisdiction is based solely on diversity of citizenship. In such circumstances, some judges have permitted severance and remand of workers' compensation claims while retaining the rest of the case, while others have held that presence of a workers' compensation claim defeats removal of an entire case. Obviously, the Plaintiffs have argued for the latter course, while Hankook advocates for the former.

Recently, the Eleventh Circuit observed that, under a prior "version of § 1441(c), the satisfaction of diversity jurisdiction, as well as of § 1441(c)'s other requirements, sufficed to permit removal [,while] the current version of § 1441(c) allows for removal *only when federal-question jurisdiction exists*, in addition to fulfillment of the rest of § 1441(c)'s requirements." *Bowling v. U.S. Bank Nat'l Ass'n, As Tr. for C-Bass Mortg. Loan Asset-Backed Certificates, Series 2007-SP2*, 963 F.3d 1030, 1034 n.3 (11th Cir. 2020) (emphasis added). However, that observation was dicta, since *Bowling* acknowledged that the noted "difference between the prior and current versions of § 1441(c) ma[d]e[] no difference to [the panel's] analysis" because a federal question was present in that case. *Id.*

Given that the undersigned has already found sufficient other grounds for remand, the undersigned declines to wade into the unsettled question of whether the presence of a workers' compensation claim forecloses removal based on diversity of citizenship. For the same reason, the undersigned also declines to address the other arguments raised for and against remand that relate to the Plaintiffs' claims against Cosby. To do so would require the Court to determine (1) whether Alabama's workers' compensation scheme provides the exclusive remedy for the Plaintiffs against Cosby, thereby rendering the non-workers' compensation claims "fraudulent," and (2) whether the remaining workers' compensation claim against Cosby should then be severed under Federal Rule of Civil Procedure 21, and then remanded.

### c.      Expenses Resulting from Removal

The Plaintiffs' reply brief requests that Hankook "be taxed costs and attorney's fees for filing this frivolous second Notice of Removal." (Doc. 10, PageID.1215). The removal statutes provide that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005).

The undersigned finds, at the very least, that Hankook did not have an objectively reasonable basis for this second removal based on the Jones Defendants' interrogatory responses because, as discussed previously, clear, binding case law foreclosed those documents from being considered an "other paper" supporting a removal under § 1446(b)(3). Hankook's arguments to the contrary relied on non-binding authority, and on otherwise frivolous attempts to "read around" or distinguish the "receipt from the plaintiff" rule established in *Lowery* and reaffirmed in *Pretka*. Accordingly, the undersigned will further recommend that, prior to ordering remand, the Court grant the Plaintiffs an opportunity to apply by separate motion for an award of expenses from under § 1447(c) in connection with the present

removal, with Hankook being given an opportunity to respond as to the propriety of the amount requested.

### IV.   *Conclusion & Recommendations*

In accordance with the foregoing analysis, the undersigned, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), **RECOMMENDS** that the Plaintiffs be granted an opportunity to apply by separate motion for an award of just costs and actual expenses under 28 U.S.C. § 1447(c) in connection with the present removal, with Hankook being given an opportunity to respond as to the propriety of the amount requested. Once the Court decides the issue of awarding expenses, the undersigned further **RECOMMENDS** that the Plaintiffs' motion to remand (Doc. 7) be **GRANTED** and this case be remanded to the Circuit Court of Dallas County, Alabama, under 28 U.S.C. § 1447(c), with the Court's award of actual expenses, if any, included as part of the remand order.

**DONE** this the 28th day of December 2020.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1*,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.